**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| **William F. Smith, Sr.,** | : | |
| Debtor. | : | Case No. 12-21209  (JKF) |

## ORDER DENYING FEE APPLICATION WITHOUT PREJUDICE

This 6th day of March, 2018, upon review of the Amended Supplemental Application for Compensation and Reimbursement of Expenses for Services Performed after Confirmation of Chapter 13 Plan ("Amended Supplemental Application") (Docket Entry #241) filed by Michael S. Sayles, Esquire;

**AND** Mr. Sayles having signed and filed a Disclosure of Compensation Form on December 21, 2012, stating that he agreed to accept a flat payment of $3,500 for rendering legal services to the Debtor for his bankruptcy case except for: "Representation of the debtors [sic] in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceedings" (see Docket Entry #12);

**AND** Debtor having paid $950 of the flat fee amount prior to the filing of his bankruptcy case leaving a balance due of $2,550.00 (see id);

**AND** Mr. Sayles having filed an Application for Compensation and Reimbursement of Expenses ("Original Application") on June 2, 2014, requesting

payment of the remaining $2,550 in compensation due for the total flat fee amount of $3,500 (see Docket Entry # 112);

 **AND** Mr. Sayles having attached as Exhibit "A" to his Original Application a Description of Services Rendered;

 **AND** Debtor's Third Amended Chapter 13 Plan having been confirmed on April 15, 2015 (Docket Entry #176 & #187);

 **AND** Mr. Sayles' Original Application having been granted on April 15, 2015 (Docket Entry #189);

 **AND** Mr. Sayles' Amended Supplemental Application requesting payment of an additional $2,500 over the flat fee amount for total compensation in the amount of $6,000;

 **AND** Mr. Sayles stating, in paragraph 10 of the Amended Supplemental Application, that a copy of his "time records setting forth the dates and amount of time expended for services on behalf of the Debtor **after** confirmation of Debtor's Chapter 13 plan" was attached as Exhibit "B" thereto (see Amended Supplemental Application ¶ 10 (emphasis added));

 **BUT** there being no Exhibit "B" attached to the Amended Supplemental Application;

**AND** Mr. Sayles having listed the services which he performed on behalf of the Debtor on the Amended Supplemental Application by category (*i.e.*, Motion for Relief, Motion to sell Property, Objection to Proof of Claim) without providing any dates for the services;

**AND** the Court noting that most of the services listed on the Amended Supplemental Application were performed **prior** to confirmation of Debtor's Third Amended Chapter 13 plan in that:

(1) The services that are listed under all three of the "motion for relief" categories include filing an amended plan and/or amended schedules which would have occurred prior to plan confirmation; and

(2) The services listed under "Motion to Sell Realty Property" must have occurred prior to confirmation because the only motion on the docket dealing with the sale of real estate is Debtor's Motion to Sell Residential Real Estate which was filed on August 15, 2014 with the hearing having been held on September 3, 2014;

**AND**, consequently, the only category of services which appears to have provided **after** confirmation of Debtor's chapter 13 plan being "Objection to Proof of Claim" on page 4 of the Amended Supplemental Application and there being a total of five hours of services listed under this category (5 hrs. x $300 per hour = $1,500);

**AND** the Amended Supplemental Application, therefore, being inconsistent because the application states that compensation is being sought for services provided **after** confirmation; yet, the majority of services listed on the application were provided **prior** to confirmation;

**AND** the services which Mr. Sayles performed *prior* to confirmation of Debtor's Third Amended Plan having been included on the "Description of Services Rendered" which he attached as Exhibit "A" to his Original Application, except for the Motion to Sell Residential Real Estate (see Docket Entry # 112);

**AND** the Amended Supplemental Application also being insufficient in that it fails to provide **dates** for the services for which supplemental compensation is being sought;

**AND** the Court, therefore, denying the Amended Supplemental Application *without prejudice* to Mr. Sayles filing a second amended supplemental application.[1]

                                              _____
                                              **JEAN K. FITZSIMON**
                                              United States Bankruptcy Judge

---

[1] The denial of Mr. Sayles' Amended Supplemental Application is not a judgment on the substance or quality of his legal representation of the Debtor. Based on a review of the docket, Mr. Sayles performed significant services for the Debtor.

4

Copies to:

**Applicant**
Michael D. Sayles, Esquire
Sayles and Associates
427 West Cheltenham Avenue, Suite #2
Elkins Park, PA 19027-3201

**Debtor**
William F. Smith, Sr
601 Medary Avenue
Philadelphia, PA 19126

**Chapter 13 Trustee**
Polly A. Langdon, Esquire
2901 St. Lawrence Avenue
P.O. Box 4010
Reading, PA 19606

**United States Trustee**
George Conway, Esquire
Office of the U.S. Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107