United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                Case No. 12-21209-jkf
William F. Smith, Sr                                                  Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2          User: Stacey          Page 1 of 2          Date Rcvd: Mar 06, 2018
                             Form ID: pdf900        Total Noticed: 1


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 08, 2018.
db            +William F. Smith, Sr,    601 Medary Avenue,    Philadelphia, PA 19126-3836

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                          TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 08, 2018                          Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 6, 2018 at the address(es) listed below:
          ANN E. SWARTZ    on behalf of Creditor   Deutshe Bank National Trust Company, as Trustee
           ecfmail@mwc-law.com,  ecfmail@mwc-law.com
          BRETT ALAN SOLOMON    on behalf of Creditor   PNC Bank, National Association
           bsolomon@tuckerlaw.com,  agilbert@tuckerlaw.com;cabbott@tuckerlaw.com
          CHRISTOPHER A. DENARDO    on behalf of Creditor   Nationstar Mortgage LLC, et al pabk@logs.com
          DAVID NEEREN    on behalf of Creditor   Specialized Loan Servicing LLC as servicer for
           dneeren@udren.com,  vbarber@udren.com
          DAVID NEEREN    on behalf of Creditor   Specialized Loan Servicing, LLC as servicing agent for
           U.S. Bank National Association, as Trustee for Terwin Mortgage Trust 2005-14HE, Asset-Backed
           Certificates, Series 2005-14HE dneeren@udren.com,  vbarber@udren.com
          DAVID H. LIPOW    on behalf of Creditor   The Bank of New York Mellon, as Trustee for CIT Mortgage
           Loan Trust 2007-1, by Vericrest Financial, Inc., as its attorney in fact bkecf@milsteadlaw.com,
           dlipow@milsteadlaw.com
          DAVID H. LIPOW    on behalf of Creditor   Specialized Loan Servicing, LLC as servicing agent for
           U.S. Bank National Association, as Trustee for Terwin Mortgage Trust 2005-14HE, Asset-Backed
           Certificates, Series 2005-14HE bkecf@milsteadlaw.com,  dlipow@milsteadlaw.com
          FREDERICK L. REIGLE    ecfmail@fredreiglech13.com,  ecf_frpa@trustee13.com
          FREDERICK L. REIGLE    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
           ecf_frpa@trustee13.com
          HOWARD GERSHMAN    on behalf of Creditor   Volvo Car Finance North America hg229ecf@gmail.com,
           229ecf@glpoc.comcastbiz.net
          JEROME B. BLANK    on behalf of Creditor   The Bank Of New York Mellon F/K/A The Bank Of New York,
           et al. paeb@fedphe.com
          JEROME B. BLANK    on behalf of Creditor   Deutsche Bank National Trust Company, As Trustee For et
           al. paeb@fedphe.com
          JEROME B. BLANK    on behalf of Creditor   The Bank Of New York Mellon F/K/A The Bank Of New York
           As Successor  et al. paeb@fedphe.com
          JOSEPH ANGEO DESSOYE    on behalf of Creditor   The Bank Of New York Mellon F/K/A The Bank Of New
           York As Successor  et al. paeb@fedphe.com
          JOSEPH ANGEO DESSOYE    on behalf of Creditor   The Bank Of New York Mellon F/K/A The Bank Of New
           York, et al. paeb@fedphe.com
          JOSEPH ANGEO DESSOYE    on behalf of Creditor   Deutsche Bank National Trust Company, As Trustee
           For et al. paeb@fedphe.com
          JOSHUA ISAAC GOLDMAN    on behalf of Creditor   U.S. Bank National Association, Et Al...
           bkgroup@kmllawgroup.com,  bkgroup@kmllawgroup.com
          KARINA VELTER    on behalf of Creditor   HSBC Bank USA, National Association, as Trustee for
           Nomura Asset Acceptance Corporation Mortgage Pass-Through Certificates, Series 2006-AF1
           amps@manleydeas.com
          KEVIN M. BUTTERY    on behalf of Creditor   The Bank Of New York Mellon, As Trustee For Cit
           Mortgage Loan Trust 2007-1 bkyefile@rasflaw.com
          KEVIN T MCQUAIL    on behalf of Creditor   Deutshe Bank National Trust Company, as Trustee
           ecfmail@mwc-law.com

District/off: 0313-2          User: Stacey          Page 2 of 2          Date Rcvd: Mar 06, 2018
                             Form ID: pdf900        Total Noticed: 1


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
          KIMBERLY A. BONNER    on behalf of Creditor    U.S. Bank National Association, as Trustee for
           Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2006-BNC1
           amps@manleydeas.com
          KIMBERLY A. BONNER    on behalf of Creditor    HSBC Bank USA, National Association, as Trustee for
           Nomura Asset Acceptance Corporation Mortgage Pass-Through Certificates, Series 2006-AF1
           amps@manleydeas.com
          KIMBERLY A. BONNER    on behalf of Creditor    HSBC BANK USA, NATIONAL ASSOCIATION
           amps@manleydeas.com
          LEEANE O. HUGGINS    on behalf of Creditor    Nationstar Mortgage LLC, et al pabk@logs.com
          LESLIE J. RASE    on behalf of Creditor    Ocwen Loan Servicing, LLC pabk@logs.com, lerase@logs.com
          MARISSA M. O'CONNELL    on behalf of Creditor    City Of Philadelphia marissa.o'connell@phila.gov,
           James.Feighan@phila.gov
          MATTHEW CHRISTIAN WALDT    on behalf of Creditor    Select Portfolio Servicing, Inc., as servicing
           agent for U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust,
           Mortgage Pass-Through Certificates, Series 2006-BNC1 mwaldt@milsteadlaw.com,
           bkecf@milsteadlaw.com
          MICHAEL D. SAYLES    on behalf of Debtor William F. Smith, Sr midusa1@comcast.net,
           michaeldsaylesesq@comcast.net;r43253@notify.bestcase.com
          POLLY A. LANGDON    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
           ecf_frpa@trustee13.com
          RYAN A. GOWER    on behalf of Creditor    Specialized Loan Servicing, LLC as servicing agent for
           U.S. Bank National Association, as Trustee for Terwin Mortgage Trust 2005-14HE, Asset-Backed
           Certificates, Series 2005-14HE bkecf@milsteadlaw.com
          RYAN A. GOWER    on behalf of Creditor    The Bank of New York Mellon, as Trustee for CIT Mortgage
           Loan Trust 2007-1, by Vericrest Financial, Inc., as its attorney in fact bkecf@milsteadlaw.com
          SALVATORE CAROLLO    on behalf of Creditor    Specialized Loan Servicing, LLC as servicing agent
           for U.S. Bank National Association, as Trustee for Terwin Mortgage Trust 2005-14HE, Asset-Backed
           Certificates, Series 2005-14HE ldoyle@udren.com, cblack@udren.com
          SHERRI J. BRAUNSTEIN    on behalf of Creditor    Specialized Loan Servicing, LLC as servicing agent
           for U.S. Bank National Association, as Trustee for Terwin Mortgage Trust 2005-14HE, Asset-Backed
           Certificates, Series 2005-14HE sherri.braunstein@phelanhallinan.com, pa.bkecf@fedphe.com
          THOMAS I. PULEO    on behalf of Creditor    U.S. Bank National Association, as Trustee for
           Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2006-BNC1
           tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com
          THOMAS YOUNG.HAE SONG    on behalf of Creditor    The Bank Of New York Mellon F/K/A The Bank Of New
           York, et al. paeb@fedphe.com
          THOMAS YOUNG.HAE SONG    on behalf of Creditor    Deutsche Bank National Trust Company, As Trustee
           For et al. paeb@fedphe.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM EDWARD MILLER    on behalf of Creditor    Ocwen Loan Servicing, LLC
           wmiller@sterneisenberg.com, bkecf@sterneisenberg.com
          WILLIAM EDWARD MILLER    on behalf of Creditor    The Bank of New York Mellon, by its attorney in
           fact Ocwen Loan Servicing, LLC wmiller@sterneisenberg.com, bkecf@sterneisenberg.com
                                                                                          TOTAL: 39

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re** | : | **Chapter 13** |
| **William F. Smith, Sr.,** | : | |
| **Debtor.** | : | **Case No. 12-21209  (JKF)** |

_____

## ORDER DENYING FEE APPLICATION WITHOUT PREJUDICE

This 6th day of March, 2018, upon review of the Amended Supplemental

Application for Compensation and Reimbursement of Expenses for Services

Performed after Confirmation of Chapter 13 Plan ("Amended Supplemental

Application") (Docket Entry #241) filed by Michael S. Sayles, Esquire;

**AND** Mr. Sayles having signed and filed a Disclosure of Compensation

Form on December 21, 2012, stating that he agreed to accept a flat payment of

$3,500 for rendering legal services to the Debtor for his bankruptcy case except

for: "Representation of the debtors [sic] in any dischargeability actions, judicial

lien avoidances, relief from stay actions or any other adversary proceedings" (see

Docket Entry #12);

**AND** Debtor having paid $950 of the flat fee amount prior to the filing of his

bankruptcy case leaving a balance due of $2,550.00 (see id);

**AND** Mr. Sayles having filed an Application for Compensation and

Reimbursement of Expenses ("Original Application") on June 2, 2014, requesting

payment of the remaining $2,550 in compensation due for the total flat fee

amount of $3,500 (see Docket Entry # 112);

**AND** Mr. Sayles having attached as Exhibit "A" to his Original Application a

Description of Services Rendered;

**AND** Debtor's Third Amended Chapter 13 Plan having been confirmed on

April 15, 2015 (Docket Entry #176 & #187);

**AND** Mr. Sayles' Original Application having been granted on April 15,

2015 (Docket Entry #189);

**AND** Mr. Sayles' Amended Supplemental Application requesting payment

of an additional $2,500 over the flat fee amount for total compensation in the

amount of $6,000;

**AND** Mr. Sayles stating, in paragraph 10 of the Amended Supplemental

Application, that a copy of his "time records setting forth the dates and amount of

time expended for services on behalf of the Debtor **after** confirmation of Debtor's

Chapter 13 plan" was attached as Exhibit "B" thereto (see Amended

Supplemental Application ¶ 10 (emphasis added));

**BUT** there being no Exhibit "B" attached to the Amended Supplemental

Application;

2

**AND** Mr. Sayles having listed the services which he performed on behalf of the Debtor on the Amended Supplemental Application by category (*i.e.*, Motion for Relief, Motion to sell Property, Objection to Proof of Claim) without providing any dates for the services;

**AND** the Court noting that most of the services listed on the Amended Supplemental Application were performed **prior** to confirmation of Debtor's Third Amended Chapter 13 plan in that:

(1)    The services that are listed under all three of the "motion for relief" categories include filing an amended plan and/or amended schedules which would have occurred prior to plan confirmation; and

(2)    The services listed under "Motion to Sell Realty Property" must have occurred prior to confirmation because the only motion on the docket dealing with the sale of real estate is Debtor's Motion to Sell Residential Real Estate which was filed on August 15, 2014 with the hearing having been held on September 3, 2014;

**AND**, consequently, the only category of services which appears to have provided **after** confirmation of Debtor's chapter 13 plan being "Objection to Proof of Claim" on page 4 of the Amended Supplemental Application and there being a total of five hours of services listed under this category (5 hrs. x $300 per hour = $1,500);

3

**AND** the Amended Supplemental Application, therefore, being inconsistent because the application states that compensation is being sought for services provided **<u>after</u>** confirmation; yet, the majority of services listed on the application were provided **<u>prior</u>** to confirmation;

**AND** the services which Mr. Sayles performed *prior* to confirmation of Debtor's Third Amended Plan having been included on the "Description of Services Rendered" which he attached as Exhibit "A" to his Original Application, except for the Motion to Sell Residential Real Estate (<u>see</u> Docket Entry # 112);

**AND** the Amended Supplemental Application also being insufficient in that it fails to provide **dates** for the services for which supplemental compensation is being sought;

**AND** the Court, therefore, denying the Amended Supplemental Application *without prejudice* to Mr. Sayles filing a second amended supplemental application.[1]

_____
**JEAN K. FITZSIMON**
United States Bankruptcy Judge

---

[1] The denial of Mr. Sayles' Amended Supplemental Application is <u>not</u> a judgment on the substance or quality of his legal representation of the Debtor. Based on a review of the docket, Mr. Sayles performed significant services for the Debtor.

4

Copies to:

**Applicant**
Michael D. Sayles, Esquire
Sayles and Associates
427 West Cheltenham Avenue, Suite #2
Elkins Park, PA 19027-3201

**Debtor**
William F. Smith, Sr
601 Medary Avenue
Philadelphia, PA 19126

**Chapter 13 Trustee**
Polly A. Langdon, Esquire
2901 St. Lawrence Avenue
P.O. Box 4010
Reading, PA 19606

**United States Trustee**
George Conway, Esquire
Office of the U.S. Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107